People v Coles (2022 NY Slip Op 03830)

People v Coles

2022 NY Slip Op 03830

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

389 KA 17-02130

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DENNIS L. COLES, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 6, 2017. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. As the People correctly concede, because Supreme Court provided defendant with erroneous information about the scope of the waiver of the right to appeal and failed to identify that certain rights would survive that waiver, the colloquy was insufficient to ensure that the waiver was voluntary, knowing, and intelligent (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court